UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NIRMAL SINGH,<br><br>   Plaintiff,<br><br>     v.<br><br>REX W. TILLERSON, *et al.*,<br><br>   Defendants. | Civil Action No. 16-922 (CKK) |

**MEMORANDUM OPINION**
(September 21, 2017)

     Plaintiff Nirmal Singh, a lawful permanent resident of the United States, has brought this action seeking relief in connection with the decision by the United States Consulate in New Delhi, India to deny immigrant visas for Mr. Singh's wife, Surjeet Kaur, and his four children: daughter Gurwinder Kaur, daughter Jasveer Kaur; son Sukhwant Singh; and son Kulwant Singh. Defendants – who include Rex W. Tillerson, Secretary of the United States Department of State, Richard R. Verma, in his official capacity as United States Ambassador to India, the Consulate General and two consular officers employed by the United States Embassy in New Delhi, India – have moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim. [1]

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court has automatically substituted the name of the current Secretary of State for his predecessor.

After reviewing the parties' submissions, relevant case law and applicable statutory authority, the Court finds that the doctrine of consular nonreviewability precludes the district court's exercise of jurisdiction and Plaintiff fails to state a claim.[2] Accordingly, the Court shall GRANT Defendants' [19] Motion to Dismiss Plaintiff's Amended Complaint for the reasons discussed herein. A separate Order accompanies this Memorandum Opinion.

## I. BACKGROUND

Plaintiff Nirmal Singh ("Plaintiff") entered the United States in 1993; his employer petitioned for an immigrant visa on behalf of Plaintiff, his wife and children, and the petition was approved on August 20, 2004. Am. Compl. ¶¶ 9, 11. Plaintiff claims that as of that date, his four children were all unmarried and under the age of 21, and pursuant to the Child Status Protection Act ("CSPA"), 8 U.S.C. § 1153(h)(1), immigrant visas should have been available to his family members. Am. Compl. ¶ 11.

Plaintiff obtained his immigration visa and consequent Lawful Permanent Resident ("LPR") status on January 22, 2008. Am. Compl. ¶ 15. Shortly thereafter, Plaintiff filed a Form I-824, seeking "follow-to-join" eligibility for his family members, which was approved on June 2, 2009. Am. Compl. ¶¶ 16, 32. In August 2010, Plaintiff's family members appeared for immigrant visa interviews at the United States Embassy in New Delhi, India, but they were subsequently denied visas, in 2011, on grounds of material misrepresentation and alien smuggling. Am. Compl. ¶¶ 36-37. In June 2013, Plaintiff's family members appeared for a

---

[2] The Court's consideration has focused on the following documents: Pl.'s Amended Compl., ECF No. 5; Defs.' Mot. to Dismiss Pl.'s Am. Compl. ("Defs.' Mot."), ECF No. 19; Pl.'s Opp'n to Defs.' Mot. ("Pl.'s Opp'n"), ECF No. 20; and Defs.' Reply Brief ("Defs.' Reply"), ECF No. 21. The motion is fully briefed and ripe for adjudication. In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

second interview, which resulted in a denial for the same reasons – misrepresentation and alien smuggling. Am. Compl. ¶¶ 54-56.

On January 17, 2017, Plaintiff's wife and four children appeared at the Embassy in New Delhi for another interview before a consular officer for purposes of demonstrating their eligibility for immigrant visas. Defs.' Mot., Ex. 1 (Declaration of Bryan Giblin, U.S. Department of State Attorney Advisor in the Legal Affairs, Advisory Opinions Division of the Visa Office, Bureau of Consular Affairs) ¶ 4. In letters provided to Plaintiff's children, the consular officer stated that each was "found ineligible to receive an immigrant visa" under 8 U.S.C. § 1182(a)(6)(C)(i), which prohibits a visa to anyone who has tried to obtain one by fraudulent means or misrepresentation. Defs.' Mot., Exs. 2-3 (January 17, 2017 letters from the consular officer to the Plaintiff's four children). Plaintiff's wife was also found ineligible for an immigrant visa , pursuant to 8 U.S.C. § 1182(a)(6)(E), on grounds that she made material misrepresentations for the purpose of aiding and abetting aliens who were trying to enter the United States. Defs.' Mot., Ex. 4 (January 17, 2017 letter from consular officer to Plaintiff's wife).[3] On May 16, 2016, Plaintiff filed his Complaint challenging the consular's denials, and on July 17, 2017, he filed his Amended Complaint. .

## II. LEGAL STANDARD

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction. *See Lujan v. Defenders of*

---

[3] For purposes of pending motion, the Court has reviewed the administrative filings that have been attached to the parties' pleadings. These are either referenced or necessarily relied upon by the complaint, or are official public documents subject to judicial notice, and are consequently subject to the Court's review for purposes of the pending motion. No party has contested this point. *See Al-Aulaqi v. Panetta* , 35 F. Supp. 3d 56, 67 (D.D.C. 2014) ("A court may take judicial notice of facts contained in public records of other proceedings . . . ." (citing *Covad Communications co. v. Bell Atlantic Co.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005))).

*Wildlife*, 504 U.S. 555, 561 (1992); *Hollingsworth v. Duff*, 444 F. Supp. 2d 61, 63 (D.D.C. 2006) (citation omitted). In reviewing a motion to dismiss pursuant to Rule 12(b)(1), courts must accept as true all factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See Leatherman v Tarrant Cty. Narcotics Intelligence & Coordination* Unit, 507 U.S. 163, 164 (1993); *Koutny v. Martin*, 530 F. Supp. 2d 84, PIN CITE (D.D.C. 2007) ("[A] court accepts as true all of the factual allegations contained in the complaint and may also consider 'undisputed facts evidenced in the record'") (internal citations omitted). A court need not accept as true "a legal conclusion couched as a factual allegation" nor an inference "unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasam v. Allain*, 478 U.S. 265, 286 (1986)). In deciding a motion to dismiss pursuant to Rule 12(b)(1), a court is not limited to the allegations of the complaint but may also consider materials outside of the pleadings. *Herbert v. Nat'l Acad.* of *Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992).

Pursuant to Rule 12(b)(6), a party may move to dismiss a complaint on grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint is not sufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. When considering a Rule 12(b)(6) motion, courts may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint" or "documents upon which

the plaintiff's compliant necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. District of Columbia Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal quotation marks omitted). The court may also consider documents in the public record of which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

### III. ANALYSIS

Defendants assert the following grounds for dismissing Plaintiff's Amended Complaint: 1) Plaintiff's claims are moot because he received the relief he requested in the form of written determinations of denial of visas; 2) Plaintiff is not entitled to judicial review because he lacks a constitutional interest in the visa denials; and 3) the consular officer's visa denials satisfy the applicable standard as they are facially legitimate and bona fide. Each of these arguments by Defendants and the Plaintiff's responses thereto will be considered in turn.

Mootness

In his Amended Complaint, Plaintiff "seeks remand and asks this court to compel agency action unlawfully withheld, in particular, the immediate issuance of immigrant visas to his family members, *or proper factual determination of their eligibility*." Am. Compl. ¶ 114 (emphasis added). Subsequent to Plaintiff filing an Amended Complaint, on January 17, 2017, Plaintiffs' wife and children were again interviewed by a consular officer to determine their eligibility for visas, and they were thereafter provided with a written explanation containing specific references regarding the reasons for the denials.

The consular officer explained that the determination that the Plaintiff's children had misrepresented their ages was based on "official school records, inconsistencies in [their] previous visa application[s], and information in [their] medical report[s]" and further, that such

misrepresentations were "material" and disqualified them pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) from being eligible to receive visas. *See* Exs. 2-3. The consular officer further elaborated that the misrepresentations pertained "directly to [their] status as [children]" and because their ages were misrepresented by more than four years, they had "materially misrepresented [their] identit[ies]." *Id.* With regard to Plaintiff's wife, the consular officer indicated that she had "knowingly and willfully misrepresented [her] children's ages in an attempt to help them qualify as derivative children" and that such misrepresentation "[was] material to each of [her] children's identity and/or qualifications for a visa." *See* Ex.4.

Accordingly, because one of the alternative grounds of relief requested by Plaintiff — a factual determination of his family members' eligibility for lawful permanent resident status — has been provided, Defendants argue that the case is moot on that basis. A case is "moot when 'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Albritton v Kantor*, 944 F. Supp. 966, 974 (D.D.C. 1996) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). Even in situations where a court may have had jurisdiction when the complaint was filed, a case can become moot and should be dismissed when "events outrun the controversy such that the court can grant no meaningful relief." *McBryde v. Comm. to Review Circuit Council Conduct and Disability Orders of Judicial Conference of U.S.*, 264 F.3d 52, 55 (D.C. Cir. 2001).

Plaintiff does not directly address the Defendants' argument that the case is moot because

he received a written determination of his family members' denial of eligibility for visas.[4] Plaintiff does argue however that the visa denials have violated his due process rights and thus, he is entitled to judicial review. In the event that some issues have been rendered moot but "the plaintiff retains some personal stake in the controversy and there are outstanding issues that a court may resolve, those claims may proceed for review[.]" *Longwood Village Restaurant, Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 66 (D.D.C. 2001). Assuming *arguendo* that Plaintiff's claims have not been mooted by receipt of the consular officer's determinations, and Plaintiff retains some viable claims that the court may resolve, the Court now turns to the doctrine of consular nonreviewability, which generally precludes judicial review of the executive branch's decisions to deny a visa, and the Court further examines whether the visa denials have resulted in a violation of Plaintiff's constitutional rights, which might permit such review.

The Visa Application Process and Consular Non-reviewability

The Immigration and Nationality Act of 1952, 8 U.S.C. § 1101, *et seq.* ("INA"), governs visa processing for aliens seeking a visa as an accompanying spouse or child. When accompanying family members seek to join the principal applicant more than six months after the principal applicant has entered the United States, the accompanying members are "following to join" that applicant. *See* 8 U.S.C. § 1153(d); 22 C.F.R. § 40.1(a)(1). The family members must also present documentation, sign and verify their visa application, and appear for an in-person interview with a consular officer. *See* 8 U.S.C. § 1202(b), (e) & (h).

---

[4] Plaintiff does not contest the fact that the consular officer provided reasons for the visa denials but he does contest the reasons given by the consular officer, referring to them as "alternative facts." Pl.'s Opp'n at 12. Plaintiff also asserts that the case is not "moot for lack of standing" and engages in a discussion about standing that is non-responsive to Defendants' claim of mootness. Defendants do not address Plaintiff's assertion of standing although they do note that Plaintiff is a lawful permanent resident and not a United States citizen.

Plaintiff in the instant case is seeking judicial review of the consular officer's decision to deny his wife and children visas. Courts do not typically have subject-matter jurisdiction to review these claims because the INA confers "upon consular officers [the] exclusive authority to review applications for visas." *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1156-57 (D.C. Cir. 1999). Matters of "policy toward aliens are . . . so exclusively entrusted to the political branches of government as to be largely immune from judicial inquiry or interference." *Id.* at 1159 (quoting *Harisiades v. Shaughnessy*, 342 U.S. 580, 589 (1952)) (internal quotation marks omitted); *see also United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950) ("[I]t is not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to exclude a given alien.").

The scope of judicial review of consular decisions was addressed by the Supreme Court in *Kleindienst v. Mandel*, which involved a First Amendment challenge by United States citizens to the Attorney General's visa waiver denial for a foreign journalist who was invited for a speaking tour. *See Kleindienst v Mandel*, 408 U.S. 753 (1972). In a decision written by Justice Harry A. Blackmun, the Supreme Court found that judicial review of a denial that implicates a constitutional right is limited to ensuring that the decision was supported by a "facially legitimate" and "bona fide" reason, and the Court declined to "look behind the exercise of that discretion, [or] test it by balancing its justification against the First Amendment interests of those who seek personal communication with the applicant." *Mandel*, 408 U.S. at 770.

Over a decade after *Mandel* was decided, the Court of Appeals for the D.C. Circuit was presented with facts similar to that case in *Abourezk*, and the Court of Appeals remanded the consolidated cases back to the district court for a "reexamination of the visa denials in question

to insure that the challenged government action is within the statutory and constitutional authority of the State Department." *Abourezk v. Reagan*, 785 F. 2d 1043, 1062 (D.C. Cir. 1986). In determining that it had jurisdiction to conduct a limited review, the Court of Appeals noted that if the Supreme Court "harbored doubts concerning federal court subject matter jurisdiction in *Mandel*, it would have raised the issue on its own motion." *Abourezk*, 785 F.2d at 1050. Accordingly, the D.C. Circuit "joined the First, Second, and Ninth Circuits in authorizing limited inquiry into the facial legitimacy of and bona fide reason for a consular decision when [a] plaintiff asserts that the decision infringes upon [his] constitutional rights." *Mostofi v. Napolitano*, 841 F. Supp. 2d 208, 211 (D.D.C. 2012); s*ee also Udugampola v. Jacobs*, 795 F. Supp. 2d 96, 105 (D.D.C. 2011) (finding a limited exception to the consular nonreviewability doctrine applies when the visa decision "violates a constitutionally protected liberty interest" but deciding that plaintiffs' claim did not fall into the limited exception).

In 2015, the Supreme Court issued its decision in *Kerry v. Din*, and both parties point to Justice Anthony Kennedy's concurring and controlling opinion in that case as being instructive with regard to the doctrine of consular nonreviewability, but for different reasons.[5] In *Din*, Justice Kennedy declined to decide whether a United States citizen had a marriage-based liberty interest in her spouse's visa application that would allow for limited judicial review because "even assuming she [had] such an interest, the Government satisfied due process when it notified Din's husband that his visa was denied under the immigration statute's terrorism

---

[5] Defendants rely on *Din* to support their argument on consular nonreviewability if there is a facially legitimate and bona fide reason for the denial, while Plaintiff points to *Din* as support for his assertion that "once the Government has shown a facially legitimate and bona fide reason, plaintiff has the burden of proving that the reason was not bona fide by making an affirmative showing of bad faith on the part of the consular officer who denied a visa." Pl.'s Opp'n at 12.

bar[.]"[6] *Kerry v. Din*, 135 S. Ct. 2128, 2139 (2015). Justice Kennedy found that the consular officer had provided a facially legitimate and bona fide reason for the visa refusal when the officer cited to the general statutory basis for inadmissibility, even without citing to a more specific subsection or proffering additional facts. *Din*, 135 S. Ct. at 2140-41.

Plaintiff Singh asserts that he falls within the limited exception to consular nonreviewability because of his "protected interest aris[ing] from family liberty" and his "liberty interest related to employment." Pl.'s Opp'n at 13. Plaintiff does not point to any case law in support of his theory that he has a "liberty interest related to employment," which would entitle him to judicial review, and the Court declines to recognize this theory.

The right to exercise freedom of personal choice in matters of marriage and family life is a liberty interest protected by the Due Process Clause. *See Cleveland Bd. of Educ. v. LaFleur*, 414 U.S. 632 (1974); *Griswold v. Conn.*, 381 U.S. 479 (1965). With regard to Plaintiff's claim that he is being deprived of life with his wife and children while he is a resident of the United States, however, the Court notes that Plaintiff does not assert that the visa denials void his relationship with his family members or prevent him from living with his family anywhere else in the world besides the United States. Furthermore, while the Constitution protects an individual's right to marry and the marital relationship, these constitutional rights are not implicated when a spouse is removed or denied entry to the United States. *Swartz v. Rogers*, 254 F.2d 338, 339 (D.C. Cir. 1958), *cert. denied*, 357 U.S. (1958). In *Swartz*, the D.C. Circuit opined that:

---

[6] When a "fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." *Cardenas v. United States*, 826 F.3d 1164, 1171 (9th Cir. 2016) (citing *Marks v. United States*, 430 U.S. 188, 193 (1977)).

> Certainly deportation would put burdens upon the marriage. It would impose upon the wife the choice of living abroad with her husband or living in this country without him. But deportations would not in any way destroy the legal union which the marriage created. The physical conditions of the marriage may change, but the marriage continues. Under these circumstances we think the wife has no constitutional right which is violated by the deportation of her husband.

*Swartz*, 254 F.2d at 339.

Considering the relationship between parent and adult child, the Honorable John D. Bates found that:

> [N]o court has held that a parent possesses a constitutionally protected liberty interest in maintaining a relationship with his adult child free from indirect government interference. Rather, all circuits to address the issue have expressly declined to find a violation of the familial liberty interest where state action has only an incidental effect on the parent's relationship with his adult child, and was not aimed specifically at interfering with the relationship.

*Al-Aulaqi v Obama*, 727 F. Supp. 2d 1, 27 (D.D.C. 2010) (internal quotation marks omitted); *see also Butera v. District of Columbia*, 235 F.3d 637, 656 (D.C. Cir. 2001) (noting that a parent does not have a constitutionally protected liberty interest in the companionship of a child who is past minority and independent.)[7] *See generally Movimiento Democracia, Inc. v. Chertoff*, 417 F. Supp. 2d 1350, 1353 (S.D. Fla. 2006) ("[T]here is no statutory or constitutional right to familial association with a person trying to immigrate to the United States. On the contrary, various cases have shown that neither United States citizens nor lawful permanent residents have any due process or equal protection rights insofar as the deportation of their spouses or other family members.")

In this case Defendants have not violated any constitutionally protected right to freedom

---

[7] Plaintiff makes no assertion that any of his children are still minors. The Court notes that, on August 20, 2004, over 13 years ago, Jasveer Kaur, the oldest child, was alleged to be 18 years of age. Pl.'s Opp'n at 3. *See also* Am. Compl. ¶ 11 (stating that on August 20, 2004, Jasveer "had just turned 19 years of age.")

of personal choice in marriage and family life that Plaintiff may hold "because they have done nothing more than to say that the residence of [Plaintiff's] marriage partner[ ] [and presumed adult children] may not be in the United States." *Mostofi v. Napolitano*, 841 F. Supp. 2d 208, 213 (D.D.C. 2012) (internal quotation marks and citation omitted). The Court concludes therefore that the defendants' denial of Plaintiff's family members' visas did not implicate a liberty interest protected by the Fifth Amendment, and the Plaintiff's claim does not fall within the narrow exception to consular nonreviewability. Accordingly, the Court does not have subject matter jurisdiction to review the Defendants' denial of the visa applications.

Even if this Court were to find that Plaintiff had a liberty interest that overrode the general principle of consular nonreviewability and accorded jurisdiction, Plaintiff's claim would still fail. In *Din* and *Mandel,* the Supreme Court made it clear that judicial review of consular decisions to deny visa applications is limited, and such decisions need only be based on a "facially legitimate and bona fide reason." *See Din*, 135 S. Ct. at 2141 (Kennedy, J., concurring); *Mandel*, 408 U.S. at 770. Plaintiff's children were denied visas pursuant to 8 U.S.C. § 1182(a)(6)(C)(i), and his wife's visa application was denied pursuant to 8 U.S.C. § 1182(a)(6)(E), and such denials were memorialized in letters provided to Plaintiff's family members. Those statutory provisions provide a facially legitimate reason for denial of visa applications, and in fact, the statutory provisions cited by the consular officer are narrower than the provision relied upon in *Din*.

Defendants contend that "[o]nce the government has made a showing of facial legitimacy, the plaintiff has the burden of proving that the denial was not bona fide by making an affirmative showing of bad faith on the part of the consular officer who denied [ ] a visa that is plausibly alleged with sufficient particularity." Defs.' Mot. at 16 (internal quotation marks

omitted) (citing *Din*, 135 S. Ct. at 2141 (Kennedy, J., concurring)). Plaintiff's assertion of "bad faith" relates to a 2011 consular decision whereby his family members' visas were denied, and Plaintiff discusses alleged attempts by the consular officer "to coerce by insult, intimidation and threats a writing of untrue birth dates." Pl.'s Opp'n at 15. Plaintiff's assertion bears no relationship to the 2017 consular decision at issue. The letters explaining the January 2017 denials clearly indicate that the consular officer based the denials on a review of school records, medical reports and other documents, as well as interviews with the applicants and inconsistencies in previous visa applications, and they do not reference the 2011 consular decision. *See* Exs. 2-4.

The Court finds that Plaintiff's Amended Complaint lacks any facts that might plausibly suggest that the consular officer who made the January 2017 determination on Plaintiff's family members' visas acted in bad faith, and accordingly, the Court finds that the consular officer's explanation is both facially legitimate and bona fide, and denial of the visas would survive the Court's inquiry even if Plaintiff established entitlement to reviewability.

DATED: September 21, 2017

                                        _____/s/_____
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge